```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
BARBARA ANDINO A/K/A
BARBARA FRISON,

                    Plaintiff,           05-CV-6319L

         v.                              DECISION
                                         and ORDER
MICHAEL J. ASTRUE,¹
Commissioner of Social Security

                    Defendant.
_____
```

## INTRODUCTION

Plaintiff Danielle McClure ("Plaintiff") brings this action pursuant to the Social Security Act ("The Act") § 216(I) and § 223, seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") benefits.² Specifically, Plaintiff alleges that the decision of Administrative Law Judge ("ALJ") Michael J. Cummings denying her application for benefits was not supported by substantial evidence contained in the record and was contrary to applicable legal standards.

8

---

¹Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for his predecessor Commissioner JoAnne B. Barnhart as the proper defendant in this suit.

² This case was transferred to the undersigned by the Honorable David G. Larimer, District Judge, United States District Court for the Western District of New York by Order dated January 10, 2008.

The Government has moved for judgment affirming the ALJ's decision that the plaintiff was not disabled. The record reveals that the Plaintiff appears pro se. On 3/20/06, Plaintiff was granted an extension of time (60 days) to complete discovery and obtain counsel. On 4/19/06, the Commissioner of Social Security moved for judgment on the pleadings and filed its Memorandum of Law in support thereof. Response was due by the Plaintiff on May 19, 2006 by order of the court. The Plaintiff has not responded to the Government's motion.

For the reasons set forth below, I find that the decision of the Commissioner is supported by substantial evidence, and is in accordance with applicable law. I therefore grant the Commissioner's motion for judgment on the pleadings.

## BACKGROUND

On January 21, 2003, Plaintiff, who was then 32 years old, filed an application for Supplemental Security Income (Tr. at 47-49). Plaintiff claimed an inability to work since December 30, 2002, due to depression, carpal tunnel syndrome, thyroid problems, a hernia and migraines (Tr. at 67). Plaintiff's application was denied initially on May 19, 2003 (Tr. at 41-44), and she then filed a timely request for a hearing before an ALJ (Tr. at 45-46). Plaintiff appeared, with counsel (Kevin Bambury, Attorney for Claimant), in an administrative hearing before ALJ Michael Cummings on November 2, 2004 in Rochester, NY (Tr. at 378-397).

In a decision dated January 5, 2005, ALJ Cummings found that although Plaintiff's mental impairments were severe, the Plaintiff was not disabled within the meaning of the Social Security Act ("the Act")(Tr. at 21). Plaintiff appealed that decision to the Social Security Appeals Council ("Appeals Council") (Tr. at 8).

The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review of the ALJ's decision on April 21, 2005 (Tr. at 5-7). On June 16, 2005, Plaintiff filed this action.

## DISCUSSION

### I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits, and this section has been made applicable to SSI cases by 42 U.S.C. § 1383(c)(3). Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038

(2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

II. **The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

In finding that the Plaintiff was not disabled within the meaning of the Social Security Act, the ALJ adhered to the Social Security Administration's five-step sequential evaluation analysis for evaluating applications for SSI. See 20 C.F.R. § 404.1520 and

416.920.[3] Under step one of that process, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date of December 30, 2002 (Tr. at 16).

At steps two and three of the analysis, the ALJ found that Plaintiff had an affective disorder, carpal tunnel syndrome, arthritis and fibromyalgia (Tr. at 17). He found these impairments to be "severe" within the meaning of the Regulations, but not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4., Listings 12.04 (Affective Disorders), Listings 1.02 (Major Dysfunction of a Joint Due to Any Cause), or Listings 14.09 (Inflammatory Arthritis) (Tr. at 17).

At step four of the five-step evaluation process, the ALJ concluded that during the claimed period of disability, the Plaintiff retained the residual functional capacity to perform light work, with restricted repetitive motion of the right hand and a limitation to simple, routine work (Tr. at 19). The ALJ then determined that the Plaintiff had past relevant work as a day care provider (Tr. at 20). The ALJ found that the Plaintiff was

---

[3] Pursuant to the five-step analysis set forth in the regulations, the ALJ, when necessary will: (1) consider whether the claimant is currently engaged in substantial gainful activity; (2) consider whether the claimant has any severe impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities; (3) determine, based solely on medical evidence, whether the claimant has any impairment or impairments listed in Appendix 1 of the Social Security Regulations; (4) determine whether or not the claimant maintains the residual functional capacity to perform his past work; and (5) determine whether the claimant can perform other work. See id.

functionally capable of performing her past relevant work as a day care provider despite her limitations (Tr. at 20).

Because he found that the Plaintiff was capable of performing her past relevant work, the ALJ did not proceed to step five of the sequential evaluation pursuant to 20 C.F.R. §§ 404.1520 and 416.920.  Based on this analysis, the ALJ found that the Plaintiff was not disabled within the  meaning of The Act, and thus ineligible for SSI (Tr. at 20-22).

The Plaintiff alleges in her complaint that she is disabled, and that the ALJ's decision concluding otherwise was erroneous. However, the ALJ's conclusion that the Plaintiff was not disabled is proper and based on substantial evidence in the record.

A plaintiff claiming disability has "a continuing burden of showing, by means of 'medically acceptable clinical and laboratory diagnostic techniques'" that her physical and mental impairments are of such severity that she is unable to perform *any* substantial gainful activity. <u>Matthews v. Eldridge</u>, 424 U.S. 319, 336 (1976). In this case, the Plaintiff did not meet this burden.  The Plaintiff failed to establish that she was functionally incapable of performing her past relevant work, therefore the ALJ was not required to determine whether there was any other work in the national economy she could perform.  Based on the evidence in the record, the ALJ correctly found that the plaintiff did not meet

her burden for the claimed period of disability beginning on December 30, 2002.

In making his finding, the ALJ considered the Plaintiff's medical evidence as contained in the record (Tr. at 17-20). Despite the Plaintiff's contention that the medical evidence in the record establishes her disability, it is clear that the Plaintiff retains a strong range of functionality with only relatively minor limitations.

Dr. Melvin Zax performed a psychiatric examination of the Plaintiff in February of 2003. He noted that the plaintiff could follow and understand simple directions (Tr. at 130). He found that her depression was "on the mild side," and she was currently receiving treatment for it (Tr. at 130).

Dr. George A. Sirpotenko performed an orthopedic examination of the Plaintiff in March of 2003. He found that she should refrain from "repetitive fine motor activity, twisting or turning on a repetitive basis with the right hand" because of her carpal tunnel syndrom (Tr. at 135). Dr. Sirotenko reported that the Plaintiff's depression showed moderate improvement with the medication she was prescribed (Tr. at 132). He also noted that the plaintiff stated that her migraines were controlled by the medication she was taking for them (Tr. at 134).

The record contains psychiatric treatment notes for part of the claimed period of disability from December of 2002 through

January of 2004 (Tr. at 187-236). During this time, the Plaintiff was regularly seen for psychotherapy by therapist Philippa Proudfoot. During the months that the Plaintiff was seen by Ms. Proudfoot, the Plaintiff was routinely found to be "mildly" depressed, and "mildly" dysphoric (Tr. at 187-236, 255-260).

These same records also contain treatment notes of Dr. Ram W. Rapoport. His notes reveal that the Plaintiff had a mild to moderate depressive disorder that appeared to be stable and even showing improvement. The doctor continued to recommend medication and therapy (Tr. at 187-236).

The record contains the treatment notes of Dr. Aitezaz Ahmed for the period from June 2003 through January 2004 (Tr. at 240-49). The doctor's treatment notes reflect a diagnosis of fibromyalgia that was stable and partially controlled (Tr. at 243-245). He also found her arthritis to be improving (Tr. at 245-47).

The medical evidence highlighted here, along with the remaining medical records supports the ALJ's decision. While the Plaintiff was indeed impaired, there is no evidence to support the Plaintiff's claim that her impairments were of a disabling severity. The ALJ properly determined, based on the evidence in the record, that the plaintiff was capable of meeting the requirements of light work with some limitations. The court does not dispute the pain and difficulty that the Plaintiff has

experienced because of her impairments. However, there is substantial medical evidence in the record to support the ALJ's finding that the Plaintiff's impairments do not rise to the level of disabling her as required by the Act.

The plaintiff's own testimony regarding her activities of daily living also supports the ALJ's decision. She cares for her four children (doing "everything" for them), cleans, does laundry, makes house repairs, irons, mows the lawn, drives, travels, cares for her personal needs, goes shopping, walks (up to 3 miles), does "house chores" etc. (Tr. at 71-79, 378-97). Such activities are consistent with the ALJ's finding that the Plaintiff can do light work with some minor limitations. She retains a high degree of functionality that would permit her to perform the duties of a day care provider. The Plaintiff's own admission of such activity is inconsistent with a finding of disability, and supports the ALJ's decision.

This evidence, when viewed in light of the total record, supports the ALJ's decision. The ALJ's finding that the Plaintiff was capable of performing light work, with restricted repetitive motion of the right hand and a limitation to simple, routine work accurately reflects the weight of the medical and testimonial evidence in the record. The ALJ also properly determined that the Plaintiff's residual functional capacity was sufficient to allow her to perform the duties of her past relevant work as a day care

provider. While it is clear that the Plaintiff does have some impairments, it is equally clear that her impairments are not sufficiently severe so as to preclude her from performing work in accordance with the residual functional capacity determined by the ALJ. The ALJ's analysis was proper, and his decision is supported by substantial evidence in the record.

The ALJ's assessment that the Plaintiff remained functionally capable of performing her past relevant work as a day care provider is accurately supported by substantial evidence in the record.

## CONCLUSION

For the reasons set forth above, I conclude that the ALJ's decision was supported by substantial evidence in the record and, therefore, grant Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         February 1, 2008